## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAXIMINO GUEVARA, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) ) | |
| ENHANCED RECOVERY COMPANY, LLC, ASSET ACCEPTANCE, LLC | ) ) ) ) | |
| Defendant(s). | ) ) ) | |

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

Plaintiff Maximino Guevara, on behalf of himself and all others similarly situated by and through his undersigned attorneys, alleges against the above-named Defendants Enhanced Recovery Company, LLC, and Asset Acceptance, LLC, their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1367. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. § 1331(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.       As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector," are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      Plaintiff Maximino Guevara is a natural person who at all relevant times resided in the State of New Jersey, County of Union, City of Elizabeth**.**

6.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Defendant.

7.      Plaintiff is a "consumer" as defined by U.S.C. § 1692a(3) of the FDCPA.

8.      Defendant Enhanced Recovery Company, LLC (hereinafter "ERC") is a limited liability corporation organized under the laws of Florida and regularly engaged in the business of collecting debts in this State with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

9.      Defendant Asset Acceptance, LLC (hereinafter "Asset Acceptance") is a limited liability corporation organized under the laws of Delaware and regularly engaged in the business of collecting debts in this State with its principal place of business located at 28405 Van Dyke Ave Warren, Michigan 48093.

10.     Defendants use instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12.     Defendants sought to collect from Maximino Guevara a debt allegedly due to Asset Acceptance, LLC and/or Wells Fargo arising from transactions incurred for personal, family, or household purposes.

13.     Defendant ERC sent Mr. Guevara an initial letter dated February 9, 2012 in an attempt to collect the alleged debt. ERC's letter referenced an alleged debt due from Mr. Guevara for an account number ending in 6600 for the amount of $2,861.59. (Attached hereto as Exhibit A.)

14.     Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) of the FDCPA.

15.     The impact of Exhibit A is to be analyzed from the perspective of the "least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).

16.     Upon information and good-faith-belief, Exhibit A is a form letter sent by ERC to hundreds of New Jersey consumers.

17.     Exhibit A lists "Asset Acceptance, LLC" as "Creditor."

18.     Exhibit A lists "AALLC" as "Original Creditor."

19.     Upon information and good-faith-belief, AALLC is shorthand for Asset Acceptance, LLC.

20.     Exhibit A lists "Asset Acceptance, LLC" as a "Debt Collection Company."

21.     Listing Asset Acceptance, LLC as an original creditor, a creditor, and a debt collection company is false, misleading and deceptive to the least sophisticated debtor because he would be left guessing as to the actual role of Asset Acceptance with respect to the collection of the alleged underlying debt.

22.     Exhibit A states "Asset Acceptance, LLC has attempted to resolve your account."

23.     Exhibit A states "As a result of your failure to resolve your financial obligation with Asset Acceptance, LLC, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts."

24.     Upon information and good-faith-belief, prior to receipt of Exhibit A, Mr. Guevara had never received any written or oral communication with respect to the alleged Asset Acceptance debt.

25.     Upon information and good-faith-belief, Asset Acceptance had never attempted to resolve Mr. Guevara's account.

26.     Upon information and good-faith-belief, Mr. Guevara did not and could not have failed to resolve his financial obligation with Asset Acceptance because Asset Acceptance has never previously attempted to collect on Mr. Guevara's alleged account.

27.     Providing inaccurate information about Asset Acceptance's previous collection efforts on alleged underlying debt is misleading and deceptive to the least

sophisticated debtor who would falsely believe he was in default with respect to Asset

Acceptance when he was actually not.

28.     <u>Exhibit A</u> states "We are willing to reduce your outstanding balance by

offering discounted options."

29.     In <u>Exhibit A</u> ERC offers Mr. Guevara the following three (3) "discounted

options:"

> **Option 1: Pay the settlement of $1,860.03, please remit by February 24, 2012.**
> **Option 2: Pay the settlement of $2,003.11 payable in 3 monthly payments of $667.70.**
> **Option 3: Pay the settlement of $2,146.19, payable in 6 monthly payments of $357.70.**

(Emphasis added.)

30.     The "discounted options" offer is misleading and deceptive to the least

sophisticated debtor because <u>Exhibit A</u> fails to convey whether election of one of the

three options would actually settle the account for the full amount of the debt or simply

"reduce" the consumer's outstanding balance by the payment made.

31.     <u>Exhibit A</u> further states "Please note that we are not obliged to renew this

offer therefore, your attention to resolving this matter is requested." This statement was

intended to induce the consumer to quickly make payment(s). However, this statement is

false, misleading and deceptive because Option 2 and Option 3 never expire as they do

not provide a payment due date.

## <u>CLASS ACTION ALLEGATIONS</u>

32.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the

Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all

consumers and their successors in interest (hereinafter the "Class"), who have received

debt collection letters and/or notices from Enhanced Recovery Company, LLC on behalf of Asset Acceptance, LLC which are in violation of the FDCPA, as described in this Complaint.

33. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collections letters and/or notices from Enhanced Recovery Company, LLC on behalf of Asset Acceptance, LLC that contained at least one of the alleged violations arising from the Defendant's violations of 15 U.S.C. 1692 *et seq*.
- The Class period begins one year to the filing of this Action.

34. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Enhanced Recovery Company, LLC on behalf of Asset Acceptance, LLC that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether Enhanced Recovery Company, LLC and Asset Acceptance, LLC are debt collectors.

b. Whether Enhanced Recovery Company, LLC and Asset Acceptance, LLC violated various provisions of the FDCPA;

c. Whether Plaintiff and the Class have been injured by the conduct of Enhanced Recovery Company, LLC and Asset Acceptance, LLC;

d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

• Plaintiff has no interest adverse or antagonistic to the interest of the other member of the Class.

• Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

• A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain proceeds of their ill-gotten gains.

- Enhanced Recovery Company, LLC and Asset Acceptance, LLC have acted on grounds that are generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 *et. seq.***

35.    Plaintiff incorporates by reference paragraphs 1-34.

36.    For the reasons set forth above, <u>Exhibit A</u> is false, misleading and deceptive to the least sophisticated debtor in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class Members and against Defendant for;

(1)    Statutory damages pursuant to 15 U.S.C. §

1692k(a)(2)(B) ;

(2)     Attorney's fees, litigations expenses and costs of

suit pursuant to 15 U.S.C. § 1692k(a)(3);

(3)     Such other or further relief as the Court deems

proper.

Dated: Fort Lee, New Jersey
       February 5, 2013

/s _Benjamin Nazmiyal_
Benjamin Nazmiyal
Prabhkaran S. Bedi
Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 2
Fort Lee, NJ, 07024
(201) 379-5507
(201) 849-5074 – Facsimile

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury on all issues so triable.

/s _Benjamin Nazmiyal_
Benjamin Nazmiyal, Esq.